**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| JOAN CAMPBELL<br>RICHARD CAMPBELL,<br>for themselves and on behalf of<br>all others similarly situated<br><br>       Plaintiffs,<br><br>against<br><br>TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY, CHEMGUARD, INC., and CHEMDESIGN, INC.,<br><br>       Defendants | Case No. _____<br>Judge _____<br><br>NOTICE OF REMOVAL<br><br>JURY TRIAL DEMANDED |

TO: Attorney Charles J. Crueger
   Crueger Dickinson LLC
   4532 N. Oakland Ave.
   Whitefish Bay, WI 53211

   The Honorable Judges of the United
   States District Court for the Eastern
   District of Wisconsin, Green Bay Division
   125 South Jefferson Street
   P.O. Box 22490
   Green Bay, WI 54305-2490

PLEASE TAKE NOTICE THAT Defendants Tyco Fire Products LP ("Tyco") and Chemguard, Inc. ("Chemguard") by undersigned counsel, hereby remove Case No. 2018-CV-277 from the Circuit Court for Marinette County, Wisconsin, to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1332, 1446, and 1453. As grounds for removal, Tyco and Chemguard state as follows:

**PRELIMINARY STATEMENT**

1. This putative class action complaint was filed on December 17, 2018, in Wisconsin Circuit Court, Marinette County, bearing Case No. 2018-CV-277. In accordance with

1

28 U.S.C. § 1441(a), a copy of all pleadings and other documents served on Tyco and Chemguard and filed in the Wisconsin Circuit Court, Marinette County, is attached hereto as Exhibit A.  Plaintiffs generally allege:

 (a) Defendants Tyco, Chemguard, and ChemDesign, Inc. (collectively, "Defendants"), designed, manufactured, sold, and/or tested aqueous film-forming foam ("AFFF") or perfluorinated compounds ("PFCs") used in AFFF that were used for research, development, and training purposes at the Ansul Fire Technology Center in Marinette, Wisconsin (*see* Compl. ¶¶ 26, 29, 31, 98); and

 (b) Defendants' activities allegedly caused Plaintiffs, their property, and their drinking water supply to be exposed to per- and polyfluoroalkyl substances ("PFAS"), including PFOS and/or PFOA (*see id.* ¶¶ 18–19, 131–135, 165, 174, 215).

2. Plaintiffs allege causes of action sounding in negligence, trespass, strict liability, products liability, and private nuisance.  *Id.* ¶¶ 155–217.

3. On January 4, 2019, Tyco and Chemguard were served with the initial Summons and Complaint.  Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.  There have been no further proceedings in this action in the Wisconsin Circuit Court, Marinette County.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 130(a) and 1441(a) because the Wisconsin Circuit Court, Marinette County, is located within the Eastern District of Wisconsin.

5. This putative class action is properly removable to federal court under the Class Action Fairness Act ("CAFA") because the parties are minimally diverse, the proposed class

contains at least 100 members, and the aggregate amount in controversy exceeds $5 million. No exceptions to CAFA jurisdiction apply.

6. Tyco and Chemguard are not required to notify or obtain the consent of any other defendant in this action in order to remove Plaintiffs' action as a whole under § 1453(b). Nevertheless, Defendant ChemDesign, Inc. has represented that it does not object to this removal.

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Wisconsin Circuit Court, Marinette County.

8. By filing a Notice of Removal in this matter, Tyco and Chemguard do not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and Tyco and Chemguard specifically reserve the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

9. Tyco and Chemguard reserve the right to amend or supplement this Notice of Removal.

10. If any question arises as to the propriety of the removal of this action, Tyco and Chemguard request the opportunity to present a brief and oral argument in support of removal.

**FEDERAL JURISDICTION EXISTS UNDER CAFA**

11. CAFA grants district courts original jurisdiction over class actions where there is minimal diversity, the proposed plaintiff classes contain at least 100 members in the aggregate, and the amount in controversy exceeds $5 million, exclusive of costs and interest. 28 U.S.C. § 1332(d)(2), (d)(5)(B); *see Standard Fire Ins. v. Knowles*, 568 U.S. 588, 592 (2013).

### A.     Minimal Diversity Exists

12.    Minimal diversity exists for purposes of CAFA where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13.    Plaintiffs allege that they are "residents of Marinette, Wisconsin" who own the Wisconsin property where they reside. Compl. ¶ 20. They also allege that they have consumed contaminated water in Marinette for "years." *Id.* ¶ 134. They further assert that the presence of PFOS and/or PFOA in their water wells will require them to arrange for remediation in the future to avoid harms to their health and property. *Id.* ¶ 140(ix). These allegations show that Plaintiffs are domiciled in Wisconsin (i.e., live there and intend to remain there) and are therefore citizens of Wisconsin for purposes of diversity jurisdiction. *See Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002) ("Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain . . . .").

14.    Plaintiffs incorrectly state that Tyco is a corporation and that its principal place of business is in Wisconsin. *See* Compl. ¶ 24. In fact, Tyco is a limited partnership formed in Delaware, and its principal place of business is in Pennsylvania. Therefore, it is a citizen of Delaware and Pennsylvania for purposes of diversity jurisdiction under CAFA. *See* 28 U.S.C. § 1332(d)(10) ("For purposes of this subsection . . . an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.").

15.    Nothing in the Complaint suggests that Plaintiffs are citizens of Delaware or Pennsylvania.

16.    Accordingly, minimal diversity exists because Tyco is not a citizen of the same State as Plaintiffs.

### B.     The Proposed Class Contains at Least 100 Members

17.     Plaintiffs' "Putative Class represents all those residents of Marinette County who were exposed to drinking water contaminated with PFOA and PFOS." Compl. ¶ 19. Plaintiffs purport to act on behalf of two subclasses: a "Medical Monitoring Class" and a "Property Damage Class." *Id.* ¶ 142.

18.     Plaintiffs allege that "it is expected that the class members will number in the tens of thousands." *Id.* ¶ 146. Therefore, the proposed class contains at least 100 members.

### C.     The Amount in Controversy Exceeds $5 Million

19.     For purposes of a notice of removal, the defendant need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). "[T]he claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6).

20.     Plaintiffs and the proposed class "seek recovery from all Defendants for injuries, damages and losses suffered by the Plaintiffs, each of whom [allegedly] suffered injuries [from] exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies." Compl. ¶ 136. Specifically, Plaintiffs seek an award of damages on behalf of themselves and the "tens of thousands" of members of the proposed class sufficient to establish a medical monitoring protocol for Plaintiffs and the proposed class, as well as damages for all harmful health impacts allegedly suffered by Plaintiffs and the proposed class due to PFOS/PFOA exposure. *See id.* ¶ 146 and Prayer for Relief.

21.     Plaintiffs also seek an award of general, compensatory, exemplary, consequential, and nominal damages. *See id.*, Prayer for Relief. Plaintiffs allege that these damages should

include the "difference between the current value of their property and such value if the harm had not been done, the cost of repair or restoration, the value of the use of the continuous trespass, injury to persons, including the need for medical monitoring, and direct, consequential, and nominal damages flowing from the nuisance and trespass."  *See id.* ¶¶ 183, 192, 200.

22.     Additionally, Plaintiffs seek punitive damages and an award of attorney fees. *See id.*, Prayer for Relief.

23.     It is readily apparent from the face of the Complaint that an award of damages for tens of thousands of class members for all alleged harmful health impacts of PFOS/PFOA exposure and to establish a medical monitoring protocol, plus all other damages that Plaintiffs seek, would greatly exceed $5 million.  Even if the putative class were as small as 10,000 members (seemingly the low end of Plaintiffs' claimed "tens of thousands"), $5 million would amount to just $500 per class member.  *See Back Doctors Ltd. v. Metro. Prop. & Cas. Ins.*, 637 F.3d 827, 830 (7th Cir. 2011) (explaining that the amount in controversy requirement is satisfied unless it is "legally impossible" for plaintiff to recover it).  Accordingly, the amount in controversy exceeds $5 million.

## CONCLUSION

Tyco and Chemguard hereby remove this action from Wisconsin Circuit Court, Marinette County, bearing Case No. 2018-CV-277, to this Court.

Respectfully submitted,

> LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
> Attorneys for Defendants, Tyco Fire Products L.P. and Chemguard, Inc.
>
> By: s/Ryan J. Riebe
>     George Burnett, State Bar No. 1005964
>     Ryan J. Riebe, State Bar No. 1101498

231 South Adams St.  
Green Bay, WI 54301  
P.O. Box 23200  
Green Bay, WI 54305-3200  
Telephone:  (920) 437-0476  
Email:     gb@lcojlaw.com  
           rjr@lcojlaw.com

7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF filing system, which will send notification of such filing to all counsel of record, and I certify that I have caused a true and correct copy of the foregoing to be served on the following non-CM/ECF participants via first class mail:

>CRUEGER DICKINSON LLC
>Charles J. Crueger, Esq. (SBN: 1029825)
>Erin K. Dickinson, Esq. (SBN: 1036707)
>Krista K. Baisch, Esq. (SBN: 1050272)
>Benjamin A. Kaplan, Esq. (SBN: 1082802)
>4532 N. Oakland Ave.
>Whitefish Bay, WI 53211
>(414) 210-3868
>cjc@cruegerdickinson.com
>ekd@cruegerdickinson.com
>kkb@cruegerdickinson.com
>bak@cruegerdickinson.com
>
>NAPOLI SHKOLNIK PLLC
>Hunter Shkolnik, Esq. (SBN: 1116121)
>Paul J. Napoli, Esq. (PHV forthcoming)
>Tate J. Kunkle, Esq. (PHV forthcoming)
>Patrick J. Lanciotti, Esq. (PHV forthcoming)
>360 Lexington Ave., 11th Floor
>New York, NY 10017
>(212) 397-1000
>hunter@napolilaw.com
>pnapoli@napolilaw.com
>tkunkle@napolilaw.com
>planciotti@napolilaw.com
>*Attorneys for Plaintiffs and Putative Classes*
>
>ChemDesign, Inc.
>2 Stanton Street
>Marinette, WI 54143

(Signature on Page 9)

Dated: January 31, 2019.

LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.

By: s/Trisha L. Thill
    Legal Assistant to Attorney Ryan J. Riebe
    231 South Adams St.
    Green Bay, WI 54301
    P.O. Box 23200
    Green Bay, WI 54305-3200
    Telephone: (920) 437-0476
    Email:    trishat@lcojlaw.com